# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LEE BROWN,

    Plaintiff,

v.                                 CASE NO.:

ARTISTIC GENERAL CONTRACTING USA, INC.,
a Florida Profit Corporation, and
JASON S. WELLING, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEE BROWN ("Plaintiff"), hereby sues the Defendants, ARTISTIC GENERAL CONTRACTING USA, INC. ("AGC") and JASON S. WELLING ("WELLING") (collectively "Defendants") and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in this Court because all facts material to all claims set forth herein occurred in Polk County, Florida.

3. At all times material, Plaintiff is and was a resident of Florida.

4. At all times material, Defendant AGC was/is a Florida Profit Corporation authorized to conduct business in the State of Florida, with its principal place of business at 6790 New Tampa Hwy., Suite 209, Lakeland, FL 33815.

5. At all times material, Defendant WELLING is and was a resident of Polk County.

## **GENERAL ALLEGATIONS**

6. Defendant AGC is a company that provides renovation services throughout the United States for hotel, resort and timeshare companies, including Marriott, Holiday Inn, Wyndham and others.

7. Defendant WELLING is the President and owner of AGC. In that position, WELLING exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

8. Defendants are employers as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA").

9. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees and had an annual dollar volume of sales or business done of at least $500,000.

10. Plaintiff was engaged in interstate commerce during his employment with Defendants, including travelling out of state and performing work outside of Florida.

11. Plaintiff was employed by Defendants during the relevant time period as an "assistant superintendent," but his primary duty was production work that did not involve managerial responsibilities or the exercise of discretion and independent judgment with respect to matters of significance. By way of example, Plaintiff's primary job duties included cleaning, vacuuming, performing basic handyman functions, following the direction of the lead superintendents, and even performing handyman duties for the


owners at their own personal homes.

12. This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff.

13. Plaintiff was an employee of Defendants under the FLSA.

14. Plaintiff was employed by Defendants from November 2018 through November 2019. During this time period, Defendant misclassified him as exempt from the overtime requirements of the FLSA.

15. Based upon Plaintiff's job duties and responsibilities, he should have been classified as non-exempt, and was entitled to overtime compensation for all hours worked over 40 in every workweek.

16. Plaintiff's primary duty did not involve managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

17. Plaintiff's primary duty did not involve customarily and regularly directing the work of at least two or more other full-time employees or their equivalent.

18. Plaintiff's primary duty did not include the authority to hire or fire other employees.

19. Plaintiff's suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was not given particular weight by the Defendants.

20. When he was hired, Plaintiff was led to believe that his job would be 40 hours per week. There was never any understanding with Defendants that he would receive a fixed amount as straight-time pay for whatever hours he was called upon to work in a workweek, whether few or many.

21. Plaintiff worked 80 to 90 hours per week throughout his employment with Defendants. Plaintiff's hours never fluctuated below 40 hours in any workweek.

22. Plaintiff was not paid on a salary basis as defined by the FLSA because his weekly pay was reduced based on the quantity of work, including deductions for hours missed due to sickness.

23. Defendants failed to comply with the FLSA because Plaintiff was regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA.

24. Defendant WELLING is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

25. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated. Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

26. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA (BOTH DEFENDANTS)

27. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 26 as if fully restated herein.

28. During the three (3) year period prior to filing this action, Defendants failed

to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek.

29. Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

30. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

**COUNT II**
**RETALIATION – FLSA (BOTH DEFENDANTS)**

31. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 26 as if fully restated herein.

32. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…."

33. Plaintiff complained to management about Defendants' unlawful pay practices which were violative of the FLSA.

34. To wit, on or about October 22, 2019 and on subsequent occasions thereafter, Plaintiff complained to Defendant Welling and other members of Defendants' management team about his long working hours and the Defendants' failure to pay him

overtime.

35.     By complaining to management about Defendants' unlawful pay practices which were violative of the FLSA, Plaintiff engaged in an activity protected by the FLSA.

36.     In response to Plaintiffs' statutorily protected activity, Defendants' accused Plaintiff of "wasting their time" and retaliated against him by terminating his employment "effective as of 11-14-19."

37.     By being discharged, Plaintiff suffered an adverse action by Defendants immediately subsequent to, and because of, his protected activity.

38.     Plaintiff's termination was directly caused by, and was a result of, his protected activity.

39.     By discharging Plaintiff because of his statutorily protected activity, Defendants engaged in unlawful retaliation in violation of 29 U.S.C. § 215(a).

40.     Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of: (i) Economic damages, including lost wages, benefits, and other remuneration; (ii) Reinstatement of full fringe benefits; (iii) Front and back pay; (iv) Liquidated damages; (v) Any other compensatory damages allowable under the law, including emotional distress damages; (vi) Attorneys' fees and costs pursuant to the FLSA; (vii) Prejudgment and post-judgment interest; and (viii) Any other relief the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 17th day of December, 2019.

Respectfully submitted,

/s/ Jay P. Lechner
LECHNER LAW
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
Telephone: (813) 842-7071
jplechn@jaylechner.com
shelley@jaylechner.com
*Attorneys for Plaintiff*