UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE BROWN,

    Plaintiff,

v.                                                                            Case No. 8:19-cv-3094-TPB-SPF

JASON S. WELLING, individually,
and ARTISTIC HOSPITALITY AND
RESORTS CONSTRUCTION, INC.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S "MOTION FOR
LEAVE TO AMEND COMPLAINT TO ADD OPT-IN
PLAINTIFF ROBERT HOAG AS NAMED PLAINTIFF"**

This matter is before the Court on Plaintiff Lee Brown's "Motion for Leave to Amend Complaint to Add Opt-In Plaintiff Robert Hoag as Named Plaintiff," filed on March 17, 2021. (Doc. 29). On March 30, 2021, Defendants Jason S. Welling and Artistic Hospitality and Resorts Construction, Inc., filed a response in opposition to the motion. (Doc. 30). After reviewing the motion, response, court file, and the record, the Court finds as follows:

Plaintiff Lee Brown originally filed this action on December 17, 2019, asserting claims for unpaid overtime and retaliation under the Fair Labor Standards Act ("FLSA"). (Doc. 1). He later filed an amended complaint to substitute the correct corporate defendant on June 25, 2020. (Doc. 25). Plaintiff now seeks leave to file an amended complaint to add Robert Hoag as a named plaintiff in this action. Hoag, a co-worker, filed a consent to join on December 11,

2020.  (Doc. 28).  The deadline to amend pleadings expired on June 30, 2020.  (Doc. 19).

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15.  Leave should be freely given when justice so requires.  *Id.*  Where, as here, a party seeks leave after the expiration of the deadline set by the Court, good cause must be demonstrated to allow the amendment.  *See, e.g.*, Fed. R. Civ. P. 16(b)(4); *McKeever v. Liberty Mut. Group Inc.*, 487 Fed. App'x. 487, 488 (11th Cir. 2012); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

In this case, Plaintiff has failed to demonstrate good cause for amendment.  It appears that he has unreasonably delayed in bringing this motion, and he has not provided a sufficient explanation for the delay.  Moreover, adding new parties now would delay or unduly complicate the action, resulting in prejudice to Defendants.  The expert disclosure deadline has passed, and the discovery deadline is quickly approaching.  Perhaps most significantly, Defendants did not have adequate notice that this action was a purported FLSA collective action.  Both the original complaint and the amended complaint fail to sufficiently indicate that Plaintiff intended to bring claims on behalf of himself and others similarly situated.[1]

---

[1] The captions of the complaint and amended complaint do not refer to "others similarly situated."  Further, although there is a singular conclusory reference to "others similarly situated," the allegations do not provide the job titles or any job descriptions of proposed similarly situated employees.  Although heightened pleading is not required, fair notice of the claims is necessary.  *See, e.g.*, *Poggi v. Humana, Inc.*, No. 8:17-cv-433-T-24MAP, 2017 WL 1322487, at *3 (M.D. Fla. Apr. 7, 2017); *Kemp v. Target Corp.*, No. 1:12-cv-3858-VEH, 2013 WL 5289799, at *2-3 (N.D. Ala. Sept. 18, 2013).

2020.  (Doc. 28).  The deadline to amend pleadings expired on June 30, 2020.  (Doc. 19).

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15.  Leave should be freely given when justice so requires.  *Id.*  Where, as here, a party seeks leave after the expiration of the deadline set by the Court, good cause must be demonstrated to allow the amendment.  *See, e.g.*, Fed. R. Civ. P. 16(b)(4); *McKeever v. Liberty Mut. Group Inc.*, 487 Fed. App'x. 487, 488 (11th Cir. 2012); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

In this case, Plaintiff has failed to demonstrate good cause for amendment.  It appears that he has unreasonably delayed in bringing this motion, and he has not provided a sufficient explanation for the delay.  Moreover, adding new parties now would delay or unduly complicate the action, resulting in prejudice to Defendants.  The expert disclosure deadline has passed, and the discovery deadline is quickly approaching.  Perhaps most significantly, Defendants did not have adequate notice that this action was a purported FLSA collective action.  Both the original complaint and the amended complaint fail to sufficiently indicate that Plaintiff intended to bring claims on behalf of himself and others similarly situated.[1]

---

[1] The captions of the complaint and amended complaint do not refer to "others similarly situated."  Further, although there is a singular conclusory reference to "others similarly situated," the allegations do not provide the job titles or any job descriptions of proposed similarly situated employees.  Although heightened pleading is not required, fair notice of the claims is necessary.  *See, e.g.*, *Poggi v. Humana, Inc.*, No. 8:17-cv-433-T-24MAP, 2017 WL 1322487, at *3 (M.D. Fla. Apr. 7, 2017); *Kemp v. Target Corp.*, No. 1:12-cv-3858-VEH, 2013 WL 5289799, at *2-3 (N.D. Ala. Sept. 18, 2013).

Allowing Plaintiff to add new parties to this action now would result in the exact type of surprise intended to be avoided by the case management deadlines.

Consequently, the Court finds that Plaintiff has failed to show good cause why he should be permitted to file an amended complaint at this time.  The Court further finds that Defendants would be unfairly prejudiced by the proposed amendment.  The motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "Motion for Leave to Amend Complaint to Add Opt-In Plaintiff Robert Hoag as Named Plaintiff" (Doc. 29) is **DENIED**.

(2) The Clerk is directed to **STRIKE** the consent to opt-in found at Doc. 28.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>2nd</u> day of April, 2021.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**